United States Bankruptcy Court

Central District of California

In re:                                                                          Case No. 24-11832-TA

Eric Guerra-Cardenas                                                            Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0973-8 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Nov 20, 2024 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Eric Guerra-Cardenas, 1744 E Commonwealth Ave Unit 101, Fullerton, CA 92831-4838 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2024                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 19, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Amitkumar Sharma | |
| | on behalf of Creditor BMW Bank of North America  c/o AIS Portfolio Services, LLC amit.sharma@aisinfo.com |
| Chris T Nguyen | |
| | on behalf of Debtor Eric Guerra-Cardenas chris@cnlawoffice.com  r65591@notify.bestcase.com |
| Karen S Naylor (TR) | |
| | alane@ringstadlaw.com  knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com |
| Rea Stelmach | |
| | on behalf of Creditor PARTNERS FEDERAL CREDIT UNION rstelmach@silvermanlegal.com |
| United States Trustee (SA) | |
| | ustpregion16.sa.ecf@usdoj.gov |

TOTAL: 5

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SILVERMAN THEOLOGOU, LLP<br>REA STELMACH, ESQ., SBN 296671<br>11835 W Olympic Blvd, Suite 855E<br>Los Angeles, California 90064<br>Telephone: (213) 226-6922<br>Facsimile: (213) 226-6964<br>rstelmach@silvermanlegal.com<br><br><br>**X** *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**NOV 19 2024**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY deramus  DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>ERIC GUERRA-CARDENAS<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:24-bk-11832-TA<br><br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)**<br><br>DATE: 11/05/2024<br>TIME: 10:30 am<br>COURTROOM: 5B<br>PLACE: 411 West Fourth Street, Santa Ana, CA 92701 |

**Movant:  Partners Federal Credit Union**

1.  The Motion was:        ☐ Opposed      **X** Unopposed      ☐ Settled by stipulation

2.  The Motion affects the following personal property (Property):

    **X**   Vehicle (*year, manufacturer, type and model*): 2020 Tesla Model Y

    *Vehicle identification number*: 5YJYGDEE8LF058986
    *Location of vehicle (if known)*:

    ☐  Equipment (*manufacturer, type, and characteristics*):

    *Serial number(s)*:
    *Location (if known)*:

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 1                                   **F 4001-1.RFS.PP.ORDER**

☐ Other personal property (*type, identifying information, and location*):

☐ See Exhibit _____ attached to the Motion.

3.  The Motion is granted under:

    a.  **X**  11 U.S.C. § 362 (d)(1)

    b.  **X**  11 U.S.C. § 362 (d)(2)

4.  ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐ Modified or conditioned as set for the in Exhibit _____ to this order.

    c.  ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5.  ☐ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6.  ☐ Movant must not repossess the Property before (*date*) _____.

7.  ☐ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement to this order.

8.  ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.

10.  **X**  The 14-day stay provided by FRBP 4001(a)(3) is waived.

11.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12.  ☐ This order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

13.  ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

14.  ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 2                                   **F 4001-1.RFS.PP.ORDER**

15. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ Other (*specify*):

###

Date: November 19, 2024

Theodor C. Albert
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☐ The Debtor must make regular monthly payments in the sum of $_____ commencing (*date*)
   _____.  The amount of these payments may be subject to change under the terms of the parties' original
   agreements.  All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the
   following address:

3. ☐ The Debtor must cure the postpetition default computed through _____ in the amount of
   $_____ as follows:

   a. ☐ In equal monthly installments of $_____ each commencing (*date*) _____ and
      continuing thereafter through and including _____.

   b. ☐ By paying the sum of $_____ on or before (*date*) _____,

   c. ☐ By paying the sum of $_____ on or before (*date*) _____,

   d. ☐ By paying the sum of $_____ on or before (*date*) _____,

   e. ☐ Other:

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that become
   due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
   A disclosure statement must be approved on or before (*date*) _____
   A plan must be confirmed on or before (*date*) _____

6. ☐ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection
   Agreement, Movant must serve written notice of default to the Debtor, and any attorney for the Debtor.  If the
   Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.

   b. ☐ Movant may file and serve declaration under penalty of perjury specifying the default, together with a
      proposed order terminating the stay, which the court may grant without further notice or hearing.

   c. ☐ Movant may move for relief from the stay upon shortened notice pursuant to LBR 9075-1(b).

   d. ☐ Movant may move for relief from the stay on regular notice pursuant to LBR 9013-1(d).

7. ☐ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor is entitled
   to a maximum (*number*) of ____ notices of default and opportunities to cure pursuant to the preceding paragraph.
   Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been
   served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of
   default and provide additional opportunities to cure.  If an event of default occurs thereafter, Movant shall be
   entitled, without first serving a notice of default and providing the Debtor with an opportunity to cure, to file and
   serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this
   Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter
   without further notice or hearing.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

8. ☐ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☐ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting that relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☐ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other *(specify)*:

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 5                                      **F 4001-1.RFS.PP.ORDER**